**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

DENNIS LEACH,

       Plaintiff,

v.

SUNRISE CREDIT SERVICES INC., a New York corporation,

       Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**<u>VENUE</u>**

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

**<u>PARTIES</u>**

7.    Plaintiff, Dennis Leach, is a natural person.

8.    The Plaintiff resides in the City of Morrison, County of Jefferson, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.      Defendant, Sunrise Credit Services Inc., is a New York corporation operating from an address at 260 Airport Plaza, Farmingdale, New York, 11735.

11.      The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

12.      The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.      The Defendant is licensed as a collection agency by the state of Colorado.

14.      The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15.      The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16.      Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Sears / HSBC (hereinafter the "Account").

17.      The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.      The Account went into default with the original creditor.

19.      Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20.      The Plaintiff disputes the Account.

21.      The Plaintiff requests that the Defendant cease all communication on the Account.

22.   In the year prior to the filing of the instant action the Plaintiff received telephone call(s) and voicemail messages from the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant who were attempting to collect the Account.

23.   In the year prior to the filing of the instant action the Plaintiff called the Defendant in response to the telephone calls and voicemail messages.

24.   The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

25.   The Defendant's purpose for these telephone calls and voicemail messages was to attempt to collect the Account.

26.   The telephone calls and voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiff.

27.   The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28.   The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

29.   The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff was to attempt to collect the Account.

30.   The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

31.   The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail messages for the Plaintiff was to attempt to collect the Account.

32.   In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that he could not dispute the Account and that the dispute phase of the Account had come and gone.

33.   The representations stated in paragraph 32 were false and were false representations in connection with the collection of a debt, the Account.

34.   In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that the Account would be reported to the credit bureaus until it is paid.

35.   The representation stated in paragraph 34 was false and was a false representations in connection with the collection of a debt, the Account.

36.   In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that he had to pay the Account to get it off his credit reports.

37.    The representation stated in paragraph 36 was false and was a false representation in connection with the collection of a debt, the Account.

38.    In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that the only way to stop the calls from the Defendant on the Account is to pay the Account.

39.    The representation stated in paragraph 38 was false and was a false representation in connection with the collection of a debt, the Account.

40.    On or about January 13, 2010, at or around 2:12 pm Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

41.    The voicemail message stated: "Hi. This message is for Dennis Leach. Please contact Lori Lewis at 1-800-684-3595. My extension is 2060. Dennis, this is an important matter. Please get back to me at your earliest convenience. Thank you."

42.    1-800-684-3595 is one of the Defendant's phone numbers.

43.    The voicemail message was an attempt to collect the Account.

44.    The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

45.    The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

46. The voicemail message does not state that the communication is from a debt collector.

47. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

48. The voicemail message does not meaningfully disclose the caller's identity.

49. Lori Lewis did not state that she was calling from the Defendant during the voicemail message.

50. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

51. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

52. Lori Lewis, the representative, employee and / or agent of the Defendant, was not acquiring location information on the Plaintiff during this voicemail message.

53. Lori Lewis, the representative, employee and / or agent of the Defendant, left this voicemail message for the Plaintiff.

54. Lori Lewis, the representative, employee and / or agent of the Defendant, did not leave this voicemail message for a person other than the Plaintiff.

55. Lori Lewis was an employee of the Defendant at the time this message was left for the Plaintiff.

56.    Lori Lewis was an agent for the Defendant at the time this message was left for the Plaintiff.

57.    Lori Lewis was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

58.    Lori Lewis was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

59.    Lori Lewis was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

60.    Lori Lewis was under the control of the Defendant at the time this message was left for the Plaintiff.

61.    Lori Lewis's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

62.    The recording device used by the Defendant was capable of taping the voicemail message.

63.    The operator of the recording device at the Defendant was competent to operate it.

64.    The recording device used by Plaintiff was capable of taping the voicemail message.

65.    The operator of the recording device used by the Plaintiff was competent to operate it.

66.    The recording of the voicemail message is authentic and correct.

67.    Changes, additions, or deletions have not been made to the voicemail message.

68.     The voicemail message recording has been preserved in a manner that will be shown to the Court.

69.     The speaker in the voicemail message has been identified as Lori Lewis, an employee of the Defendant.

70.     The voicemail message was made voluntarily without any kind of inducement.

71.     The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Lori Lewis.

72.     The voicemail message is a business record of the Defendant.

73.     The Defendant has a copy of this voicemail message.

74.     The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 13, 2010 at or around 2:12 pm Mountain Standard Time on the Account.

75.     On or about January 15, 2010, at or around 8:03 pm Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

76.     The voicemail message stated: "Hello. This message is for Dennis. Please contact Christopher at 1-800-684-3595. It is important Dennis you return my call today. 1-800-684-3595. Thank you."

77.     1-800-684-3595 is one of the Defendant's phone numbers.

78.     The voicemail message was an attempt to collect the Account.

79.     The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

80.     The voicemail message constituted a "communication" as defined by FDCPA §
        1692a(2).

81.     The voicemail message does not state that the communication is from a debt
        collector.

82.     FDCPA 1692e(11) requires the disclosure that the communication is from a debt
        collector be included in the voicemail message.

83.     The voicemail message does not meaningfully disclose the caller's identity.

84.     Christopher did not state that he was calling from the Defendant during the
        voicemail message.

85.     FDCPA 1692d states: "A debt collector may not engage in any conduct the
        natural consequence of which is to harass, oppress or abuse any person in
        connection with the collection of a debt. Without limiting the general application of
        the foregoing, the following conduct is a violation of this section:"

86.     FDCPA 1692d(6) states: "Except as provided in section 804, the placement of
        telephone calls without meaningful disclosure of the caller's identity."

87.     Christopher, the representative, employee and / or agent of the Defendant, was
        not acquiring location information on the Plaintiff during this voicemail message.

88.     Christopher, the representative, employee and / or agent of the Defendant, left
        this voicemail message for the Plaintiff.

89.     Christopher, the representative, employee and / or agent of the Defendant, did
        not leave this voicemail message for a person other than the Plaintiff.

90.    Christopher was an employee of the Defendant at the time this message was left for the Plaintiff.

91.    Christopher was an agent for the Defendant at the time this message was left for the Plaintiff.

92.    Christopher was acting within the course of his employment with the Defendant at the time this message was left for the Plaintiff.

93.    Christopher was acting within the scope of his employment with the Defendant at the time this message was left for the Plaintiff.

94.    Christopher was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

95.    Christopher was under the control of the Defendant at the time this message was left for the Plaintiff.

96.    Christopher's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.

97.    The recording device used by the Defendant was capable of taping the voicemail message.

98.    The operator of the recording device at the Defendant was competent to operate it.

99.    The recording device used by Plaintiff was capable of taping the voicemail message.

100.    The operator of the recording device used by the Plaintiff was competent to operate it.

101.   The recording of the voicemail message is authentic and correct.

102.   Changes, additions, or deletions have not been made to the voicemail message.

103.   The voicemail message recording has been preserved in a manner that will be shown to the Court.

104.   The speaker in the voicemail message has been identified as Christopher, an employee of the Defendant.

105.   The voicemail message was made voluntarily without any kind of inducement.

106.   The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Christopher.

107.   The voicemail message is a business record of the Defendant.

108.   The Defendant has a copy of this voicemail message.

109.   The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 15, 2010 at or around 8:03 pm Mountain Standard Time on the Account.

110.   On or about January 19, 2010, at or around 8:12 pm Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

111.   The voicemail message stated: "Hello. This message is for Dennis. Please contact Christopher at 1-800-684-3595. It is important Dennis you return my call today. Thank you. No problem."

112.   1-800-684-3595 is one of the Defendant's phone numbers.

113.   The voicemail message was an attempt to collect the Account.

114.   The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

115.   The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

116.   The voicemail message does not state that the communication is from a debt collector.

117.   FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

118.   The voicemail message does not meaningfully disclose the caller's identity.

119.   Christopher did not state that he was calling from the Defendant during the voicemail message.

120.   FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

121.   FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

122.   Christopher, the representative, employee and / or agent of the Defendant, was not acquiring location information on the Plaintiff during this voicemail message.

123.   Christopher, the representative, employee and / or agent of the Defendant, left this voicemail message for the Plaintiff.

124.  Christopher, the representative, employee and / or agent of the Defendant, did not leave this voicemail message for a person other than the Plaintiff.

125.  Christopher was an employee of the Defendant at the time this message was left for the Plaintiff.

126.  Christopher was an agent for the Defendant at the time this message was left for the Plaintiff.

127.  Christopher was acting within the course of his employment with the Defendant at the time this message was left for the Plaintiff.

128.  Christopher was acting within the scope of his employment with the Defendant at the time this message was left for the Plaintiff.

129.  Christopher was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

130.  Christopher was under the control of the Defendant at the time this message was left for the Plaintiff.

131.  Christopher's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.

132.  The recording device used by the Defendant was capable of taping the voicemail message.

133.  The operator of the recording device at the Defendant was competent to operate it.

134.  The recording device used by Plaintiff was capable of taping the voicemail message.

135.    The operator of the recording device used by the Plaintiff was competent to operate it.

136.    The recording of the voicemail message is authentic and correct.

137.    Changes, additions, or deletions have not been made to the voicemail message.

138.    The voicemail message recording has been preserved in a manner that will be shown to the Court.

139.    The speaker in the voicemail message has been identified as Christopher, an employee of the Defendant.

140.    The voicemail message was made voluntarily without any kind of inducement.

141.    The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Christopher.

142.    The voicemail message is a business record of the Defendant.

143.    The Defendant has a copy of this voicemail message.

144.    The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 19, 2010 at or around 8:12 pm Mountain Standard Time on the Account.

145.    On or about January 20, 2010, at or around 8:04 am Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

146.    The voicemail message stated: "Dennis Leach, please contact Marie Goodman at 1-800-684-3595. Its important Dennis that my call does get returned today. Thank you."

147.  1-800-684-3595 is one of the Defendant's phone numbers.

148.  The voicemail message was an attempt to collect the Account.

149.  The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

150.  The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

151.  The voicemail message does not state that the communication is from a debt collector.

152.  FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

153.  The voicemail message does not meaningfully disclose the caller's identity.

154.  Marie Goodman did not state that she was calling from the Defendant during the voicemail message.

155.  FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

156.  FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

157.  Marie Goodman, the representative, employee and / or agent of the Defendant, was not acquiring location information on the Plaintiff during this voicemail message.

158.   Marie Goodman, the representative, employee and / or agent of the Defendant, left this voicemail message for the Plaintiff.

159.   Marie Goodman, the representative, employee and / or agent of the Defendant, did not leave this voicemail message for a person other than the Plaintiff.

160.   Marie Goodman was an employee of the Defendant at the time this message was left for the Plaintiff.

161.   Marie Goodman was an agent for the Defendant at the time this message was left for the Plaintiff.

162.   Marie Goodman was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

163.   Marie Goodman was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

164.   Marie Goodman was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

165.   Marie Goodman was under the control of the Defendant at the time this message was left for the Plaintiff.

166.   Marie Goodman's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

167.   The recording device used by the Defendant was capable of taping the voicemail message.

168.   The operator of the recording device at the Defendant was competent to operate it.

169. The recording device used by Plaintiff was capable of taping the voicemail message.

170. The operator of the recording device used by the Plaintiff was competent to operate it.

171. The recording of the voicemail message is authentic and correct.

172. Changes, additions, or deletions have not been made to the voicemail message.

173. The voicemail message recording has been preserved in a manner that will be shown to the Court.

174. The speaker in the voicemail message has been identified as Marie Goodman, an employee of the Defendant.

175. The voicemail message was made voluntarily without any kind of inducement.

176. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Marie Goodman.

177. The voicemail message is a business record of the Defendant.

178. The Defendant has a copy of this voicemail message.

179. The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 20, 2010 at or around 8:04 am Mountain Standard Time on the Account.

180. On or about January 22, 2010, at or around 6:34 pm Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

181. The voicemail message stated: "Dennis Leach, contact Marie Goodman at 1-800-684-3595. Its important that you return my call today."

182. 1-800-684-3595 is one of the Defendant's phone numbers.

183. The voicemail message was an attempt to collect the Account.

184. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

185. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

186. The voicemail message does not state that the communication is from a debt collector.

187. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

188. The voicemail message does not meaningfully disclose the caller's identity.

189. Marie Goodman did not state that she was calling from the Defendant during the voicemail message.

190. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

191. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

192.   Marie Goodman, the representative, employee and / or agent of the Defendant, was not acquiring location information on the Plaintiff during this voicemail message.

193.   Marie Goodman, the representative, employee and / or agent of the Defendant, left this voicemail message for the Plaintiff.

194.   Marie Goodman, the representative, employee and / or agent of the Defendant, did not leave this voicemail message for a person other than the Plaintiff.

195.   Marie Goodman was an employee of the Defendant at the time this message was left for the Plaintiff.

196.   Marie Goodman was an agent for the Defendant at the time this message was left for the Plaintiff.

197.   Marie Goodman was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

198.   Marie Goodman was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

199.   Marie Goodman was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

200.   Marie Goodman was under the control of the Defendant at the time this message was left for the Plaintiff.

201.   Marie Goodman's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

202.   The recording device used by the Defendant was capable of taping the voicemail message.

203.   The operator of the recording device at the Defendant was competent to operate it.

204.   The recording device used by Plaintiff was capable of taping the voicemail message.

205.   The operator of the recording device used by the Plaintiff was competent to operate it.

206.   The recording of the voicemail message is authentic and correct.

207.   Changes, additions, or deletions have not been made to the voicemail message.

208.   The voicemail message recording has been preserved in a manner that will be shown to the Court.

209.   The speaker in the voicemail message has been identified as Marie Goodman, an employee of the Defendant.

210.   The voicemail message was made voluntarily without any kind of inducement.

211.   The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Marie Goodman.

212.   The voicemail message is a business record of the Defendant.

213.   The Defendant has a copy of this voicemail message.

214.   The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 22, 2010 at or around 6:34 pm Mountain Standard Time on the Account.

215.  On or about January 26, 2010, at or around 7:58 pm Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

216.  The voicemail message stated: "Hello. This message is for Dennis. Please contact Christopher at 1-800-684-3595. It is important Dennis you return my call today at 1-800-684-3595. Thank you."

217.  1-800-684-3595 is one of the Defendant's phone numbers.

218.  The voicemail message was an attempt to collect the Account.

219.  The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

220.  The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

221.  The voicemail message does not state that the communication is from a debt collector.

222.  FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

223.  The voicemail message does not meaningfully disclose the caller's identity.

224.  Christopher did not state that he was calling from the Defendant during the voicemail message.

225.  FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in

connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

226. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

227. Christopher, the representative, employee and / or agent of the Defendant, was not acquiring location information on the Plaintiff during this voicemail message.

228. Christopher, the representative, employee and / or agent of the Defendant, left this voicemail message for the Plaintiff.

229. Christopher, the representative, employee and / or agent of the Defendant, did not leave this voicemail message for a person other than the Plaintiff.

230. Christopher was an employee of the Defendant at the time this message was left for the Plaintiff.

231. Christopher was an agent for the Defendant at the time this message was left for the Plaintiff.

232. Christopher was acting within the course of his employment with the Defendant at the time this message was left for the Plaintiff.

233. Christopher was acting within the scope of his employment with the Defendant at the time this message was left for the Plaintiff.

234. Christopher was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

235. Christopher was under the control of the Defendant at the time this message was left for the Plaintiff.

236.    Christopher's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.

237.    The recording device used by the Defendant was capable of taping the voicemail message.

238.    The operator of the recording device at the Defendant was competent to operate it.

239.    The recording device used by Plaintiff was capable of taping the voicemail message.

240.    The operator of the recording device used by the Plaintiff was competent to operate it.

241.    The recording of the voicemail message is authentic and correct.

242.    Changes, additions, or deletions have not been made to the voicemail message.

243.    The voicemail message recording has been preserved in a manner that will be shown to the Court.

244.    The speaker in the voicemail message has been identified as Christopher, an employee of the Defendant.

245.    The voicemail message was made voluntarily without any kind of inducement.

246.    The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Christopher.

247.    The voicemail message is a business record of the Defendant.

248.    The Defendant has a copy of this voicemail message.

249. The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 26, 2010 at or around 7:58 pm Mountain Standard Time on the Account.

250. On or about January 27, 2010, at or around 8:05 am Mountain Standard Time, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

251. The voicemail message stated: "Hi this message is for Dennis Leach. Please contact Teresa. The number is 1-800-684-3595. Its important you return this call today. Dennis, that number again 1-800-684-3595. Thank you."

252. 1-800-684-3595 is one of the Defendant's phone numbers.

253. The voicemail message was an attempt to collect the Account.

254. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

255. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

256. The voicemail message does not state that the communication is from a debt collector.

257. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

258. The voicemail message does not meaningfully disclose the caller's identity.

259. Teresa did not state that she was calling from the Defendant during the voicemail message.

260.   FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

261.   FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

262.   Teresa, the representative, employee and / or agent of the Defendant, was not acquiring location information on the Plaintiff during this voicemail message.

263.   Teresa, the representative, employee and / or agent of the Defendant, left this voicemail message for the Plaintiff.

264.   Teresa, the representative, employee and / or agent of the Defendant, did not leave this voicemail message for a person other than the Plaintiff.

265.   Teresa was an employee of the Defendant at the time this message was left for the Plaintiff.

266.   Teresa was an agent for the Defendant at the time this message was left for the Plaintiff.

267.   Teresa was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

268.   Teresa was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

269.   Teresa was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

270. Teresa was under the control of the Defendant at the time this message was left for the Plaintiff.

271. Teresa's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

272. The recording device used by the Defendant was capable of taping the voicemail message.

273. The operator of the recording device at the Defendant was competent to operate it.

274. The recording device used by Plaintiff was capable of taping the voicemail message.

275. The operator of the recording device used by the Plaintiff was competent to operate it.

276. The recording of the voicemail message is authentic and correct.

277. Changes, additions, or deletions have not been made to the voicemail message.

278. The voicemail message recording has been preserved in a manner that will be shown to the Court.

279. The speaker in the voicemail message has been identified as Teresa, an employee of the Defendant.

280. The voicemail message was made voluntarily without any kind of inducement.

281. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Teresa.

282. The voicemail message is a business record of the Defendant.

283. The Defendant has a copy of this voicemail message.

284. The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on or about January 27, 2010 at or around 8:05 am Mountain Standard Time on the Account.

285. The statements and actions were undertaken by the Defendant and its representative(s), employee(s) and / or agent(s) as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

286. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

287. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

288. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

289. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

290. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were willful and intentional violations of the FDCPA.

291.   As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages including emotional distress.

## RESPONDEAT SUPERIOR

292.   The representative(s) and / or collector(s) at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

293.   The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

294.   The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

295.   The representative(s) and / or collector(s) at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

296.   The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

297.   As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

298.   The previous paragraphs are incorporated into this Count as if set forth in full.

299.   The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(5), e(8), e(10), e(11) and § 1692f preface.

300.   The Defendant's violations are multiple, willful and intentional.

301.   Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.   Actual damages under 15 U.S.C. § 1692k(a)(1).

2.   Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,


_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff